# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY B. BLACK, | ) |
| Plaintiff, | ) ) |
| v. | ) NO. CIV-15-0187-HE |
| BOSQUE SYSTEMS, | ) ) ) |
| Defendant. | ) |

## **ORDER**

Plaintiff Timothy Black ("Black") filed suit in Oklahoma state court against his former employer, defendant Bosque Disposal Systems, LLC ("Bosque"),[1] asserting claims under the Americans with Disabilities Act as amended ("ADA"), 42 U.S.C. § 12101 et seq., the Oklahoma Administrative Workers' Compensation Act, 85A O.S. § 7,[2] and for violation of the Oklahoma Handicap Discrimination Act and/or Oklahoma public policy. Defendant removed the case to this court.

Bosque has moved for summary judgment [Doc. #19]. In his response, Black concedes that his state-law claims are invalid for various reasons [Doc. #22]. Thus, only Black's ADA claim remains for resolution.

A court must grant a motion for summary judgment if the movant shows (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a

---

[1]Bosque indicates, and plaintiff does not dispute, that the correct name of the defendant is Bosque Disposal Systems, LLC rather than "Bosque Systems" as identified in the petition.

[2]The petition refers to 85 O.S. § 341, but, as Black acknowledges in his response, that statute has been replaced by 85A O.S. § 7.

matter of law. Fed.R.Civ.Pro. 56. A fact is material "if it might affect the outcome of the suit." Bennett v. Windstream Commc'ns, 792 F.3d 1261, 1265 (10th Cir. 2015). In determining whether this standard is met, the court views the evidence in the light most favorable to the non-moving party. Estate of Booker v. Gomez, 745 F.3d 405, 411 (10th Cir. 2014).

The background facts are substantially undisputed. Bosque provides water treatment and related services to the operators of oil and natural gas wells. Black worked for Bosque as a technician from March 31, 2014, until Bosque terminated him on July 11, 2014. His job duties included operating forklifts, power washing and cleaning water treatment units, and otherwise maintaining equipment for treatment and disposal of water. On June 30, 2014, Black cut his right forearm on a metal wire while at work. He was not wearing protective gloves at the time.[3] That same day, he was taken to the emergency room and received 15 stitches. He was released with a letter from his treating physician indicating he could return to work without restriction, and he returned to work the next day. However, his physician verbally advised him to "ease back into [work]," so Black worked with his supervisor and safety personnel at Bosque to progress from light duty work to additional duties involving the use of forklists and power washers.

In Bosque's termination letter to Black, Bosque cited two workplace incidents as the basis of its decision. It references a June 27, 2014, incident where Black pulled a large

---

[3]*Plaintiff's response indicates he was wearing protective gear of some kind, but does not dispute that he was not wearing protective gloves.*

2

container of chemicals (a "tote") out of a water treatment unit. The tote leaked, causing a chemical spill of approximately 150 gallons of fluid. Bosque spent $15,123.80 on environmental cleanup. Black's evidence is that he did not cause the leak or spill, but he does not dispute that the spill occurred. The second incident occurred on July 10, 2014, the day before Black's termination. Plaintiff was assigned to prepare a water treatment unit for use by a customer, including power washing it. The unit had a broken window. According to Black, his supervisor told him to go ahead with washing the unit but to be careful of the window. Sometime that day water got into the unit, causing significant damage which required approximately $8000 to repair. Black's deposition testimony is that the water in the unit was not due to anything he did, but was the result of actions by another employee. Black indicates he refused to spray water in the unit, but that a mechanic sprayed the reaction chamber contrary to his objection and advice.

Black claims he was discharged due to a disability, contrary to the ADA.[4] He offers no direct evidence of discrimination based on disability,[5] so the claim is evaluated for summary judgment purposes under the McDonnell Douglas burden-shifting framework.[6]

---

[4]*Plaintiff's ADA claim is one for disparate treatment. His response makes passing reference to "retaliatory discharge" but, at least as to the ADA claim, there is no evidence offered of any protected activity on plaintiff's part.*

[5]*Direct evidence allows a trier of fact to "conclude, without inference, that the employment action was undertaken because of the employee's protected status." Hawkins, 778 F.3d at 883, n.4. For example, an employer's statement that its adverse action was due to disability would be direct evidence. See id.*

[6]McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–04 (1973).

3

Under this framework, a plaintiff must offer evidence sufficient to make out a *prima facie* case of discrimination based on the prohibited ground. Smothers v. Solvay Chemicals, Inc., 740 F.3d 530, 538–39 (10th Cir. 2014). The burden then shifts to the defendant to "articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Id.* If the defendant satisfies this burden, the burden then shifts back to the plaintiff to show that the employer's stated justification is pretextual—that is, that the employer was more likely motivated by the discriminatory reason or that the employer's justification is "unworthy of credence." *Id.*

To make a *prima facie* showing of discrimination based on disability, a plaintiff must offer evidence that "(1) [he] is disabled within the meaning of the ADA; (2) [he] is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) [he] was discriminated against because of [his] disability." Osborne v. Baxter Healthcare Corp., 798 F.3d 1260, 1266 (10th Cir. 2015). The court concludes plaintiff has failed to make out a *prima facie* case because his evidence does not make the necessary showing of the third element—discrimination <u>because of</u> his alleged disabled status. Indeed, he explicitly agrees with the defendant's factual assertion to the contrary.

In its undisputed fact #9, defendant asserts that its decision to terminate plaintiff was based on his history of workplace incidents and that it "did not consider Black's injury to his forearm, or any associated complications therewith, in terminating Black's employment." [Doc. #19 at 14–15]. Plaintiff's response states that he does not controvert fact #9 [Doc. #22

4

at 3]. If the undisputed facts show that defendant did not take plaintiff's injury into account in making its decision, then it plainly did not discharge him <u>because of</u> some real or perceived disability related to it. Plaintiff has not made out a *prima facie* showing of disability discrimination.

Even if plaintiff's explicit admission of this fact is viewed as some sort of mistake, the other matters he addresses—directed principally to arguments of pretext—do not supply the missing evidence of causation. Although it is true that evidence of pretext may lead to an inference that the employer's stated reason is not the real reason for its action, that does not necessarily make the required showing of discrimination on a prohibited basis. <u>Adamson v. Multi Cmty. Diversified Servs., Inc.</u>, 514 F.3d 1136, 1144–45 (10th Cir. 2008). Black speculates that the real reason for him being disciplined as to one of the incidents may have been to protect another employee who was a relative of a company officer. Maybe so, but the question here is not whether defendant treated plaintiff unfairly to protect the relative of a company officer, or treated him unfairly on some other non-prohibited basis, but whether he was discharged based on a real or perceived disability. His submissions do not make the necessary *prima facie* showing to support such an inference.

For these reasons, defendant's motion for summary judgment [Doc. #19] is **GRANTED**. Judgment will enter in favor of defendant as to the ADA claim and as to his state law claims based on the Oklahoma Handicap Discrimination Act or on a public policy tort theory. His claim under the Administrative Workers' Compensation Act is dismissed

without prejudice to its pursuit in a proper forum.

**IT IS SO ORDERED**.

Dated this 27th day of November, 2015.

JOE HEATON
CHIEF UNITED STATES DISTRICT JUDGE